UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE J.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01597-SEB-DLP |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Julie J. not entitled to Social Security Disability Insurance Benefits. This case was referred to Magistrate Judge Pryor for initial consideration. On July 12, 2021, Magistrate Judge Pryor issued a Report and Recommendation recommending that the Administrative Law Judge's (ALJ) decision denying Plaintiff benefits be affirmed because the ALJ's determination was supported by substantial evidence. This cause is now before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. Dkt. 25.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

## **Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368–69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the ALJ, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009). We have followed those guidelines in conducting this review.

## **Discussion**[2]

Plaintiff Julie J. filed for disability on August 16, 2016, alleging that she could no longer work because of various physical and psychological impairments, including degenerative disc disease and fibromyalgia, both of which the ALJ found to be severe at step two of the sequential evaluation process. Plaintiff's impairments also included hypertriglyceridemia, hyperlipidemia, and sleep apnea, as well as mild mental impairments in each of the four areas of the "paragraph B" criteria, all of which the ALJ found to be non-severe at step two. The ALJ ultimately determined at step four of the sequential analysis that Plaintiff could perform her past relevant work as a warehouse manager and was therefore not disabled. In this appeal, Plaintiff alleges that the ALJ erred in two ways: first, by failing to account for her mild mental limitations either in his residual functional capacity (RFC) evaluation or in the hypothetical questions posed to the vocational expert, and second, by placing too much emphasis on her activities of daily living and failing to consider her exemplary work history in assessing her credibility.

In Magistrate Judge Pryor's Report and Recommendation, she addressed each of Plaintiff's arguments, concluding that substantial evidence supports the ALJ's opinion, and that remand is therefore not warranted. Plaintiff objects to the Magistrate Judge's

---

[2] The relevant evidence of record is amply set forth in the parties' briefs as well as the ALJ's decision and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

conclusions that the agency's RFC assessment and credibility determination were both free of legal error. We address these objections in turn below.

At step two of the sequential evaluation process, the ALJ found Plaintiff to have mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself, but did not include any corresponding mental restrictions in her RFC to accommodate her mild mental limitations or include any such limitations in his hypothetical questions to the vocational expert. Plaintiff does not challenge the ALJ's "mild" classification finding in these areas. Instead, she argues that the ALJ erred by failing to account for the mild mental limitations in her RFC and in his hypothetical questions to the vocational expert at step four of the sequential analysis.

The Seventh Circuit has held that an ALJ must consider a claimant's RFC by evaluating "*all* limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (emphasis added). If, after consideration, the ALJ determines that a non-severe mental impairment "[does] not merit a non-exertional limitation in the RFC, he [is] obligated to explain that conclusion so that [the Court] can follow the basis of his reasoning." *Muzzarelli v. Astrue*, No. 10 C 7570, 2011 WL 5873793, at *23 (N.D. Ill. Nov. 18, 2011).

Here, we agree with the Magistrate Judge that the ALJ engaged in an exhaustive discussion of the medical evidence, including Plaintiff's mental health treatment history and various statements she made during treatment regarding mental health issues.

4

Ultimately, however, he failed to adequately explain how Plaintiff's mild mental limitations were addressed by her RFC. His explanation for his apparent determination that no functional limitations were warranted is simply that, although Plaintiff "has an extensive diagnostic history and treatment for her physical impairments," she "has had little treatment, other than medication, for her mental impairments," and that "[t]his lack of more extensive treatment is inconsistent with the existence of a disabling impairment." R. at 226. However, an ALJ must "'not draw any inferences' about a claimant's condition from [a lack of treatment] unless the ALJ has explored the claimant's explanations as to the lack of medical care." *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008). The mere fact that Plaintiff may have received less extensive treatment for her mild mental impairments than her more significant physical issues does not explain why the ALJ found it unnecessary to include *any* mental limitations in his RFC assessment or hypothetical questions to the vocational expert despite having assessed Plaintiff as having mild limitations in all four areas of mental functioning.

The ALJ's cursory explanation for his failure to include in his RFC assessment any mental limitations is particularly problematic here because the ALJ's determination of non-disability was based on Plaintiff's ability to perform her past work as a warehouse manager—a skilled position. R. 229. Courts have routinely found that "the inclusion of even mild limitations in social functioning or concentration, persistence, or pace may preclude the ability to perform such skilled … work." *Cheryl C. v. Berryhill*, No. 18 C 1443, 2019 WL 339514, at *3 (N.D. Ill. Jan. 28, 2019) (collecting cases). Accordingly, the case must be remanded on this basis. On remand, the ALJ shall reevaluate his

determination regarding the effect of Plaintiff's mental impairments on her RFC to determine whether those impairments warrant corresponding mental or non-exertional restrictions. If so, the ALJ must include those restrictions in his RFC assessment and the hypothetical questions posed to the vocational expert. If not, the ALJ must provide the requisite "logical bridge" between the evidence and his conclusion. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

With regard to the ALJ's assessment of Plaintiff's subjective symptoms, while we agree with the Magistrate Judge that we cannot say that the ALJ's credibility determination, standing alone, was "patently wrong," *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019), the ALJ should take the opportunity on remand to reevaluate Plaintiff's subjective symptom allegations in accordance with SSR 16-3p and 20 C.F.R. § 404.1529. The ALJ must be careful not to equate the performance of daily activities with the ability to work and should consider the full range of evidence, including Plaintiff's work history, in performing his credibility assessment.

## Conclusion

For these reasons, Plaintiff's first objection to the Magistrate Judge's Report and Recommendation is SUSTAINED and the Commissioner's denial of Disability Insurance Benefits is REVERSED. The case is REMANDED to the agency under sentence four of 42 U.S.C. § 405(g) for reevaluation consistent with this opinion. Final judgment will enter by separate document. FED. R. CIV. P. 58(a).

IT IS SO ORDERED.

Date: _____9/28/2021_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Timothy J. Vrana
TIMOTHY J. VRANA LLC
tim@timvrana.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov